UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI A. YENKALA,

    Plaintiff,

v.                                           CASE No. 8:09-CV-1561-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails adequately to address the opinion of plaintiff's treating physician, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-three years old at the time of the administrative hearing and who has some college education, has worked as a banking manager, finance administrator, clerical worker, and account

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

representative (Tr. 106, 111, 379). The plaintiff filed a claim for Social Security disability benefits, alleging that she became disabled due to cardiomyopathy (Tr. 105). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered from a combination of the following severe impairments: dilated cardiomyopathy, status post automatic implantable cardioverter defibrillator implant with reduced left ventricular systolic function; chronic fatigue; anemia; and bronchial asthma ( (Tr. 14). He concluded that, with these impairments, the plaintiff had the residual functional capacity to do sedentary work and had the ability to hear, understand, remember, and carry out both simple and complex work instructions, and can appropriately interact with the general public, co-workers, and supervisors (Tr. 16). The law judge found that these restrictions did not prevent the plaintiff from returning to past work as a finance administrator (Tr. 20). Consequently, the law judge ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff states her issue as "[t]he Commissioner has improperly rejected the several opinions of the long-time treating cardiologist about limitations regarding plaintiff's ability to work" (Doc. 18, p. 7). In this respect, the plaintiff asserts that the law judge improperly rejected the treating cardiologist's opinion that, due to fatigue from her heart condition, the plaintiff could not work a full day, and that she needed to avoid stress. This contention has merit and warrants reversal.

In 1999, the plaintiff suffered congestive heart failure and was diagnosed with dilated non-ischemic cardiomyopathy. A defibrillator was therefore implanted. Beginning in 2003, the plaintiff's employer allowed her to work from home due to her medical condition. Reportedly at the urging of Dr. Guillermo B. Cintron, her treating cardiologist, the plaintiff quit her job as a finance administrator in May 2005 (Tr. 391-92, 395). The plaintiff was placed on short-term disability from June 2005 through November 2005 and thereafter filed for long-term disability (Tr. 386). On September 21, 2005, the plaintiff filed for Social Security disability benefits, alleging an onset date of May 16, 2005, the day she left employment (Tr. 12).

The plaintiff has been treated almost exclusively by her cardiologist, Dr. Cintron. In connection with her application for private long-term disability benefits, Dr. Cintron, in July 2006, November 2006, and April 2007, filled out Attending Physician Statement forms. Dr. Cintron indicated on the forms that the plaintiff had a serious heart condition that, among other things, restricted her to working no more than two to four hours per day (Tr. 212, 221). In addition, Dr. Cintron opined that the plaintiff is "able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations)" (Tr. 212, 219, 221).

The law judge considered the forms in determining the plaintiff's residual functional capacity, but concluded that "the medical evidence of record in its entirety establishes that the claimant was not as limited as Dr. Cintron opined" (Tr. 20). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). If the law judge

decides to disregard the opinion of a treating physician, he must clearly articulate the reasons for doing so. Phillips v. Barnhart, supra.

The plaintiff contends that the law judge erred when he did not adopt the limitations set out by Dr. Cintron that she could not engage in full-time work and that she must avoid a stressful job (Doc. 18, pp. 9-10). The law judge recognized that Dr. Cintron limited the plaintiff to working "2-4 hours per day," which is less than full-time work (Tr. 20). The law judge discounted those and other limitations as follows (id.):

> The undersigned has considered these assessments from Dr. Cintron in determining the claimant's residual functional capacity but finds the medical evidence of record in its entirety establishes that the claimant was not as limited as Dr. Cintron opined. The undersigned notes, however, that Dr. Cintron recognized that the claimant's symptoms were improving and that she was not totally precluded from performing all work-related activities.

This conclusory statement does not adequately provide an explanation for discounting Dr. Cintron's opinion that the plaintiff cannot work full time. While Dr. Cintron opined that the plaintiff could perform sedentary work, he stated that the plaintiff could not work more than four hours per day (Tr. 212, 221). The law judge's unamplified statement that "the medical evidence of record in its entirety establishes that the claimant was not

as limited as Dr. Cintron opined," does not adequately justify the discounting of Dr. Cintron's opinion that, due to fatigue, the plaintiff cannot work for more than four hours per day. What evidence the law judge had in mind in making that statement is not apparent to me.

The law judge could properly reject Dr. Cintron's opinion that the plaintiff was totally disabled as that is the ultimate determination that is reserved to the Commissioner (Tr. 20). That reason, however, does not cover the subsidiary medical opinion that the plaintiff was limited to working no more than four hours per day.

The law judge said he gave significant weight to the opinions by Drs. C. Nnadi and F. Dean Faghih following consultative examinations (Tr. 19). The report from Dr. Nnadi, who may not even be a cardiologist, contains no opinion regarding the plaintiff's functional limitations (Tr. 324-31). Thus, the law judge erred in stating that Dr. Nnadi "found the claimant would be able to perform normal activities" (Tr. 19). Moreover, there is nothing in Dr. Nnadi's report that even remotely contradicts Dr. Cintron's opinion that the plaintiff could not work for more than four hours daily.

Similarly, contrary to the law judge's statement, Dr. Faghih did not find that the plaintiff could perform normal activities. Rather, as the

plaintiff points out, Dr. Faghih stated that the plaintiff's "functional capacity has been compromised" (Tr. 322). He added that "[s]he is also at risk of sudden death" (id.), a statement that was echoed by another independent cardiologist (Tr. 245), who opined that the plaintiff's condition precluded her return to sedentary work (id.).

Consequently, the reports of Drs. Nnadi and Faghih do not support the discounting of Dr. Cintron's opinion that the plaintiff cannot work more than four hours per day. And, as indicated, there is no other evidence that appears to justify discounting that opinion. Under these circumstances, the basis for the law judge's rejection of Dr. Cintron's opinion that the plaintiff can work no more than four hours daily is not discernable. Accordingly, his conclusory discounting of that opinion is not subject to meaningful judicial review. Ryan v. Heckler, 762 F.2d 939 (11th Cir. 1985); Hudson v. Heckler, 755 F.2d 781 (11th Cir. 1985). This deficiency, therefore, warrants a remand.

In addition, the plaintiff contends that the law judge failed to evaluate Dr. Cintron's opinion, which was repeated several times, that the plaintiff is able "to engage in only limited stress situations" (see Tr. 212, 219,

221, 225). The law judge did not even mention this opinion, much less evaluate it.

This deficiency is significant because the law judge, who did not employ a vocational expert, concluded that the plaintiff could return to past work as a finance administrator (Tr. 20). By its title, this job does not sound like a "limited stress" situation. The plaintiff argues that it is not (Doc. 18, pp. 13-15). The law judge made no attempt to demonstrate that it fell into that category. See Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).

In light of Dr. Cintron's opinion that the plaintiff was restricted to "limited stress situations," the law judge either had to discount that opinion – and explain why, or he had to find that the job of finance administrator involved only limited stress – and explain why. He did neither. This failure also warrants a remand.

In reaching these conclusions, I have not considered the statement which Dr. Cintron gave to plaintiff's counsel, but which was presented first to the Appeals Council. Since that statement was not before the law judge, it is not properly considered in reviewing the law judge's decision. While that statement could be considered pursuant to the principles

set out in <u>Ingram</u> v. <u>Commissioner of Social Security</u>, 496 F.3d 1253 (11th Cir. 2007), the plaintiff has not developed any argument based on <u>Ingram</u>.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter REMANDED for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 13th day of April, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE