UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI A. YENKALA,

   Plaintiff,

v.                                          CASE No. 8:09-CV-1561-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendant.

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorney's Fees (Doc. 28) filed by counsel for the plaintiff on May 13, 2010. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $4,800.62 in fees and $350 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of her claim for Social Security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated April 14, 2010 (Doc. 26). Judgment was therefore

entered in favor of the plaintiff (Doc. 27). The plaintiff then filed this application for attorney's fees and costs under the EAJA (Doc. 28).

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $4,800.62 (Doc. 28). This amount represents 23.7 hours of service before the court in 2009 at an hourly rate of $172.50 and 4.1 hours in 2010 at an hourly rate of $173.75 by attorney J. Christopher Deem (id., pp. 8-9). The defendant has responded and indicates that he has no objection to the motion (Doc. 29).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 27.8 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $172.50 per hour for work performed in 2009, and to $173.75 per hour for work performed in 2010 (Doc. 28, p. 9). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Accordingly, the 23.7 hours of work performed in 2009 will be awarded at a rate of $172.50, and the 4.1 hours of work in 2010 will be calculated at a rate of $173.75, for a total of $4,800.62.

Finally, it is requested that the attorney's fees be paid directly to plaintiff's counsel (Doc. 28, p. 1). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff agreed that the EAJA award be made to her counsel (Doc. 28-1). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the fee assignment and the defendant's

lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the Plaintiff's Motion for Attorney's Fees (Doc. 28) is hereby **GRANTED**. The plaintiff is hereby awarded the amount of **$4,800.62** in attorney's fees and **$350** in costs be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 4th day of June, 2010.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE